**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JACK WEAVER,** | : | |
| **Plaintiff** | : | **No. 3:13-cv-00337** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **CAROLYN W. COLVIN,** | : | **(Magistrate Judge Cohn)** |
| **Acting Commissioner of** | : | |
| **Social Security** | : | |
| **Defendant** | : | |
| | : | |
| | : | |

**MEMORANDUM**

Before the Court is the Report and Recommendation of Magistrate Judge Cohn

recommending that the Court affirm the Social Security Commissioner's decision denying

Plaintiff disability insurance benefits, and Plaintiff's objections thereto. (Doc. Nos. 17, 18.) For

the reasons that follow, the Court will adopt the Report and Recommendation and affirm the

decision of the Social Security Commissioner.[1]

I.     **BACKGROUND**

On April 20, 2010, Plaintiff Jack Weaver filed applications for social security disability

insurance benefits and supplemental security income benefits with the Social Security

Administration ("SSA"), claiming disability due to general anxiety disorder, intermittent

explosive personality disorder, and depressive disorder. (Doc. No. 17 at 2.) After an initial

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b),
provide that any party may file written objections to a magistrate's proposed findings and
recommendations. In deciding whether to accept, reject, or modify the Report and
Recommendation, the Court is to make a de novo determination of those portions of the Report
and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.

denial of benefits, Plaintiff requested and was granted a hearing before Administrative Law

Judge ("ALJ") Michelle Wolfe.  (Doc. No. 1 ¶¶ 7-8.)  On October 14, 2011, the hearing

convened before the ALJ, and she issued a decision on October 31, 2011 denying benefits and

finding that Plaintiff was not disabled.  (Doc. Nos. 1, 8-3.)  Plaintiff timely sought SSA Appeals

Council review, and the Appeals Council declined to review on December 11, 2012, fulfilling

the procedural prerequisites for this action.[2]  (Doc. No. 1 ¶¶ 10-11.)

On February 8, 2013, Plaintiff filed the above-captioned action pursuant to 42 U.S.C. §

405(g) appealing the ALJ's decision.  (Doc. No. 1.)  In his original brief, Plaintiff contends that

(1) the ALJ made an improper determination regarding Plaintiff's credibility and (2) that the ALJ

failed to properly weigh expert medical opinions from his treating and evaluating physicians.

(Doc. No. 13 at 20-21, 26-28.)  On July 29, 2014, Magistrate Judge Cohn issued a Report and

Recommendation, in which he recommends that this Court affirm the Commissioner's decision,

because substantial evidence supports the ALJ's findings on both Plaintiff's credibility and the

weight of medical evidence, and because any errors on the ALJ's part were harmless.  (Doc. No.

17 at 21-22.)  Plaintiff has objected to the Report and Recommendation by (1) renewing his

argument that the ALJ (and now Magistrate Judge Cohn) improperly discounted the medical

opinions of Plaintiff's established primary care provider and the SSA's own examining physician

in favor of a non-treating and non-examining medical consultant, and (2) challenging Magistrate

Judge Cohn's finding that the ALJ committed no reversible error in his determination of

---

[2] After an unfavorable ALJ opinion, a social security or disability claimant may seek
review from the SSA Appeals Council.  20 C.F.R. §§ 404.967, 416.1467.  Only after
unsuccessfully seeking review with the Appeals Council may a claimant file an action for review
in federal district court.  20 C.F.R. §§ 404.981, 416.1481.

Plaintiff's credibility.  (Doc. No. 18.)  The Court will address Magistrate Judge Cohn's

recommendations and Plaintiff's objections in turn.

## II.      STANDARD OF REVIEW

A federal district court has plenary review of all legal issues decided by the SSA.  Poulos

v. Comm'r of Soc. Sec., 474 F.3d 88, 91 (3d Cir. 2007).  However, review of the SSA's factual

findings is much more deferential: any fact determination by the Commissioner need only be

supported by "substantial evidence" in order to survive scrutiny.  Brown v. Bowen, 845 F.2d

1211, 1213 (3d Cir. 1988).  Substantial evidence is often defined as anything "more than a mere

scintilla" of evidentiary support.  E.g., Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)

(internal citation omitted).  Substantial evidence exists "in relationship to all the other evidence

in the record," and an ALJ has the responsibility of explaining his or her determinations such

that subsequent courts may discern whether or not substantial evidence supports that

determination.  Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981).

To establish eligibility for disability benefits, a plaintiff must demonstrate a permanent or

long term physical or mental impairment which precludes the plaintiff from earning more than a

given regulatory threshold.  42 U.S.C. § 423(d)(1)(a); 20 C.F.R. §§ 404.1574, 416.974.  SSA

utilizes a five-step process when evaluating disability insurance claims.  20 C.F.R. § 404.1520;

Poulos, 474 F.3d at 91-92.  This process requires the Commissioner to consider, in sequence,

whether a claimant (1) is currently earning above the regulatory threshold; (2) has an impairment

that is severe or a combination of impairments that is severe; (3) is so severely impaired so as to

qualify for a regulatory "listing," thereby expediting review; (4) retains the ability to perform

any former vocation above the regulatory threshold; and, if not (5) whether the plaintiff can

perform other substantial work in the national or regional economy.  Id.  For the purposes of this evaluative process, the SSA determines the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis; this ability is known as the Residual Functional Capacity.  20 C.F.R. § 404.1546 et seq.; 20 C.F.R. § 416.945 et seq.  The residual functional capacity assessment must include a discussion of the individual's abilities.  Id.; 20 C.F.R. § 404.1545; see Hartranft v. Apfel, 181 F.3d 358, 359 n.1 (3d Cir. 1999) (noting that residual functional capacity is "defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)").

## III.   DISCUSSION

### A.   The ALJ's credibility determination

Magistrate Judge Cohn first addresses the ALJ's treatment of Plaintiff's testimony.  (Doc. No. 17 at 16.)  The ALJ did not fully credit Plaintiff's testimony, finding it "not credible to the extent [it is] inconsistent" with the ALJ's own determination about Plaintiff's residual functional capacity.  (Doc. No. 8-3 at 55.)  Despite Plaintiff's testimony to the contrary, the ALJ determined that Plaintiff was capable of maintaining some types of full time employment.[3] (Doc. No. 9-2 at 20)  Plaintiff participated in the ALJ hearing via telephone rather than in person, because he was unable to find transportation.  (Doc. No. 8-2 at 13-15.)  While on the telephone, Plaintiff reported to the ALJ that he was unable to work, in part because he experienced panic attacks three to four times weekly, and because his explosive personality disorder caused violent outbursts once or twice a month.  (Id. at 20, 25.)  In addition, Plaintiff described his part time job

---

[3] Specifically, Plaintiff testified, "I just can't handle the stress.  It's just too stressful and I have the panic attacks and everything, you know, and the anxiety.  It's just too much." (Doc. No. 9-2 at 20)

working in the kitchen at a local diner.  (Id. at 19.)  According to Plaintiff, he started in 2010

working ten hours per week, but he reduced his weekly hours to five after "the management and

[Plaintiff's] doctor," "thought it was too stressful for [Plaintiff]."  (Id.)

 Magistrate Judge Cohn recommends that the Court find that substantial evidence

supported the ALJ's credibility determination.  (Doc. No. 17 at 15.)  Magistrate Judge Cohn

observes that none of Plaintiff's medical records specifically refers to explosive anger episodes

or panic attacks as preclusive of employment, and that Plaintiff had been employed at the diner

for the eighteen months before the hearing; for Magistrate Judge Cohn, these inconsistencies

with Plaintiff's testimony justify the ALJ in discounting Plaintiff's credibility.  (Id.)  Plaintiff has

one objection to this recommendation: "the Magistrate Judge's assumption that Plaintiff's ability

to work four hours a week suggests that he could work full time is unreasonable."  (Doc. No. 18

at 3.)

 The Court will adopt Magistrate Judge Cohn's recommendation with regard to the ALJ's

credibility determination.  As the finder of fact, the ALJ is empowered to "evaluate the

credibility of a claimant . . . in light of medical findings and other evidence." Cerrato v. Comm'r

of Soc. Sec., 386 Fed. Appx. 283, 286 (3d Cir. 2010) (internal citations omitted).  These

determinations need only be supported by substantial evidence.  Id.  The ALJ conducted a

review of Plaintiff's medical records (Doc. No. 8-3 at 23-27), considered Plaintiff's testimony

about the activities he remains able to do (id. at 26-27), and made a determination that Plaintiff's

subjective statements of disability were not entirely credible.  (Id.)  The ALJ highlighted medical

reports indicating remission from substance abuse, lowered anxiety and agitation, and less

depression.  (Id. at 27.)  These reports, when coupled with Plaintiff's avowed abilities to pay his

own bills, work part time, and care for his mother, sufficiently contradict Plaintiff's own statement that he is unable to work full time.  (Id.)  The Court therefore finds that the medical reports and the comparison with Plaintiff's stated abilities constitute substantial evidence.  As such, the Court will adopt Magistrate Judge Cohn's recommendation regarding Plaintiff's credibility and affirm the decision of the ALJ on this ground.

### B.      The ALJ's treatment of medical evidence

Magistrate Judge Cohn next addresses Plaintiff's argument that the ALJ erred in her weighting of the medical evidence.  (Doc. No. 17 at 16.)  Specifically, Plaintiff argues that the ALJ improperly weighted reports from Plaintiff's treating general practitioner, an examining psychiatrist engaged by the SSA, and an SSA medical consultant.  (Id.)  Magistrate Judge Cohn concludes that while the ALJ may have erred in his treatment of some of the evidence, any such error was harmless.  (Id. at 22.)  Magistrate Judge Cohn recommends, based on the substantial evidence standard, that the Court affirm the ALJ's decision on the weight of medical evidence. (Id.)

The SSA regulations offer guidance on the relative weights to be afforded to medical evidence.  20 C.F.R. § 404.1527.  An ALJ will apply a variety of factors in affording different opinions different weights in the review process: (1) any support for an opinion based on physical examination of the claimant; (2) the nature of the treating relationship between the medical expert and the claimant; (3) the consistency of medical opinions from any given expert; (4) the basis of a medical opinion in objective medical evidence; (5) the status of the expert as a specialist in the relevant medical field; and (6) any other factors helpful in making a weighting determination.  Id. § 404.1527(c)(1-6).  Further, any error on the part of the ALJ is harmless

unless the error affected a substantial right of the parties.  Perez v. Comm'r of Soc. Sec., 521 F.

App'x 51, 55 n.4 (3d Cir. 2013) (citing 28 U.S.C. § 2111).

### 1.      Dr. Nase's opinion evidence

The ALJ excluded two reports from Dr. Kathy Nase, Plaintiff's treating general

practitioner, because they are purportedly inconsistent with Dr. Nase's treatment notes from the

same period.  (Doc. No. 8-3 at 27.)  The reports date from January 28, 2008 and June 24, 2009,

and both state that Plaintiff is unable to work full time because of his disability.  (Id.)  Magistrate

Judge Cohn concludes that although these reports are not inconsistent with contemporaneous

treatment notes, any error resulting from the exclusion was harmless, and the Court should

therefore affirm the ALJ on this ground.  (Doc. No. 17 at 17.)  He also concludes that some of

Dr. Nase's statements are unaccompanied by supporting medical evidence.  (Id. at 18-19.)

Specifically, Magistrate Judge Cohn recommends the Court find that the ALJ's error was

harmless because the ALJ's ultimate residual functional capacity analysis is consistent with Dr.

Nase's more recent June 9, 2010 report.  (Id. at 17.)  In that newer report, Dr. Nase outlined

more moderate limitations on Plaintiff's ability to work.  (Id.)  Among Dr. Nase's numerous

responses in the June 9, 2010 report, she marked a blank indicating that Plaintiff would likely be

absent from work more than three times per month on account of his mental condition,

explaining that attendance would "depend[] on severity or control at that time."  (Doc. No. 8-9 at

9.)  This report from Dr. Nase indicated that Plaintiff could tolerate a low stress work

environment (id. at 7-10), and accordingly, the ALJ's residual functional capacity found the

Plaintiff "limited to low stress work environment defined as occasional decision-making and

changes in work setting."  (Doc. No. 8-3 at 23.)  Plaintiff argues that the ALJ failed to give a

satisfactory reason for discounting Dr. Nase's conclusion in her June 9, 2010 report that Plaintiff would be absent from work three or more times weekly on account of his disability.  (Doc. No. 18 at 2.)  Plaintiff also objects to the finding of harmless error, stating that the ALJ provided no rationale for excluding specific findings in the reports (specifically her opinion about Plaintiff's would-be absenteeism) and claiming that Dr. Nase provided a basis for her medical opinions about Plaintiff's disability. (Doc. No. 18 at 2-3.)

Magistrate Judge Cohn also recommends that the Court find that the ALJ properly discounted a separate letter written by Dr. Nase to Plaintiff's former counsel August 17, 2010, because of its inconsistency with both the evaluation she had completed only a month before and with her own treatment notes.  (Doc. No. 17 at 17-18.)  In discounting the letter, the ALJ wrote that "[t]he reports do not support the level of severity alleged and [thus] cannot be accorded great weight."  (Doc. No. 8-3 at 28.)  In the letter, Dr. Nase wrote that "[Plaintiff] is not able to work full time due to his variability of the depression, he has some bad days, he has a social phobia and cannot stand being around alot [sic] of people."  (Doc. No. 8-10 at 16.)  Plaintiff does not object to this particular recommendation.

The Court agrees with Magistrate Judge Cohn and will overrule Plaintiff's objection.  An ALJ may afford distinct medical opinions different weights, provided the ALJ has an acceptable reason for doing so; this is true even when an ALJ chooses to credit the opinions of non-treating physicians or other evidence over the opinions of a treating physician.  Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000); see also Brown v. Astrue, 649 F.3d 193, 196-197 (3d Cir. 2011) (affirming an ALJ finding of no disability, even where a treating psychiatrist indicated that due to his mental disability the plaintiff would be absent from work twelve to fifteen days monthly).

Further, an ALJ may afford weight to a physician's opinion as a whole, but need not fully credit each line item finding by that physician.  <u>Carter v. Comm'r of Soc. Sec.</u>, 511 Fed. App'x. 204, 206 (3d Cir. 2013).  The Court agrees with Magistrate Judge Cohn that to the extent the ALJ erred in mis-weighting the 2008 and 2009 reports from Dr. Nase, such error is harmless, given that her more recent June 9, 2010 evaluation and the balance of the medical record is consistent with the ultimate residual functional capacity determination.

The Court is also satisfied that the ALJ considered Dr. Nase's opinion on Plaintiff's absenteeism when the ALJ addressed the substantially similar and much more restrictive August 17, 2010 evaluation letter.  The ALJ had substantial evidence for discounting Dr. Nase's opinions, given that her own treatment notes do not consistently reflect a disability of the magnitude she described.[4]  <u>See</u> Doc. No. 8-9 at 11.  In addition, the SSA medical consultant, whose opinion the ALJ afforded substantial weight, determined after reviewing Plaintiff's medical records that he would have no significant limitation in completing a workweek.  (Doc. No. 8-9 at 148.)  For these reasons, the Court finds that the ALJ's weighting of Dr. Nase's opinion evidence is supported by substantial evidence; accordingly, the Court will adopt the portion of Magistrate Judge Cohn's Report and Recommendation regarding Dr. Nase's evidence and affirm the decision of the Commissioner regarding the same.

---

[4] Dr. Nase's Treatment notes from April 14, 2010 indicate "mood good . . . . patient is not anxious, is not euphoric, is not fearful . . . has no mood swings, has normal attention span and concentration . . . . " (Doc. No. 8-9 at 11.)  Treatment notes from December 8, 2009 indicate under the heading of "depression," that "[t]here are no associated symptoms . . . . not in counseling, doing well . . . . " (<u>Id.</u> at 22.)  Treatment notes from October 27, 2009 indicate that "[t]he patient is not agitated, is not anxious, does not have flight of ideas . . . has no mood swings . . . . " (<u>Id.</u> at 19.)  Treatment notes from June 24, 2009 indicate "patient's affect is normal. . . . The patient is not agitated, is anxious, has normal knowledge . . . feels hopeless . . . has mood swings, has no obsessive thoughts . . . . " (<u>Id.</u> at 14.)

### 2.      Dr. Kelsey's report

The ALJ did not explicitly assign an analytical weight to the report of SSA evaluating psychologist Dr. John Kelsey.  (Doc. No. 8-3 at 28.)  The ALJ did, however, state that "the marked difficulties [assessed by Dr. Kelsey] for social functioning are not supported by the medical reports."  (Doc. No. 8-3 at 28.)  Magistrate Judge Cohn recommends the Court find that the ALJ's failure to explicitly assign a weight to the report was not reversible error, because even if the ALJ afforded great weight to the report, it would not have changed the residual functional analysis and hence the ultimate disability determination.  (Doc. No. 17 at 20.)  Magistrate Judge Cohn also recommends that the Court find that substantial evidence supported the ALJ's decision to credit only parts of Dr. Kelsey's report, because Dr. Nase's evaluations found only a moderate limitation in the areas where Dr. Kelsey found marked limitations.  (Id.)  Plaintiff objects, arguing that both the ALJ and Magistrate Judge Cohn failed to specifically address one line item in Dr. Kelsey's checklist assessment, and that the ALJ's failure to explain its rejection of that line item is not harmless error.  (Doc. No. 18 at 3-4.)  The ALJ did not specifically address Dr. Kelsey's finding of a "marked limitation in Plaintiff's ability to respond appropriately to work pressures in a usual work setting."  (Id.)  Plaintiff argues that the error is not harmless, because had the ALJ accepted this particular finding, the outcome of the disability determination would have been different.  (Id.)

The Court agrees with Magistrate Judge Cohn and will overrule Plaintiff's objection. First, the ALJ wrote that the marked limitations identified by Dr. Kelsey are unsupported by the balance of the record evidence; this finding by the ALJ squarely addresses the Plaintiff's position.  Additionally, the Court is satisfied that substantial evidence exists to support the ALJ's

treatment of the marked limitations identified by Dr. Kelsey.  While not answering an identical question concerning "work pressures in the usual work setting," Drs. Nase and Perch spoke to very similar categories of limitation and found only mild or moderate impairment.  (Doc. No. 8-9 at 145)  Dr. Nase assessed only mild or moderate limitations in, for example, "ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes," "ability to maintain socially appropriate behavior," "ability to make simple work related decisions," and "ability to work in coordination with or proximity to others . . . ."  (Id. at 5-7.)  Dr. Perch assessed no significant or moderate limitations in, for example, "ability to interact appropriately with the general public," "ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes," "ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness," "ability to make simple work-related decisions . . . . " (Id. at 147-148.)  Because the Court finds that the ALJ explicitly discounted the marked limitations assessed by Dr. Kelsey, and because that determination is supported by substantial evidence, the Court will adopt the Report and Recommendation, and affirm the decision of the Commissioner on that ground.

## IV.     CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's objections to Magistrate Judge Cohn's Report and Recommendation are without merit.  Accordingly, the Court will adopt Magistrate Judge Cohn's Report and Recommendation and affirm the decision of the Commissioner.  An order consistent with this memorandum follows.